LILES, Acting Chief Judge.
Appellants, Robin Harris and James E. Harris, filed suit against William Robert Mosteller and Lewis Albert Fritter alleging damages for injuries received as a result of a rear-end collision by an automobile operated by William Mosteller and owned by Albert Fritter. Fritter filed a motion for summary judgment which was granted and this appeal followed.
Appellee Fritter denied ownership of the automobile on the date of the accident. He attached to his motion for summary judgment an affidavit by him stating that he sold the automobile to William Mosteller on March 10, 1970; a receipt claiming payment of $35.00 for the automobile; and an affidavit of the purchaser, William Mosteller, that he purchased the automobile.
In opposition to the motion for summary judgment, appellants filed a letter from Florida Division Motor Vehicle stating that no Florida title had ever been issued; Florida license tag registration certificate showing ownership by Fritter; a certified copy of application for Florida certificate of title signed by Mosteller but applying for certificate of title in the name of Lewis Fritter dated June 3, 1969; and a copy of Virginia certificate of title reflecting ownership by Lewis Fritter. The only evidence that Lewis Fritter sold the automobile, exclusive of the affidavits, was a purported receipt signed by Fritter, to-wit: “3-10-70. This is a receipt for the amount of $35.00 for the purchase of a 1958 Chevy. Dated the 10th day of March, 1970. Lewis Fritter.”
We have reviewed the evidence supporting and opposing the affidavits for summary judgment; and, in our opinion, there was a genuine issue of material fact to be proven regarding the ownership of the automobile. Therefore, a summary judgment was improper based upon the evidence before the court.
For these reasons the summary judgment is reversed.
HOBSON and McNULTY, JJ., concur.